## APPLE v. STEAKLEY.

No. 11697—Opinion Filed Oct. 9, 1923.

**1. Contracts — Builder's Contract—Compensation of Builder.**

Where a builder's contract contains a clause fixing the builder's compensation in the following language, to wit: "It is further understood and agreed by each of the parties hereto that the said contractor shall buy all materials and furnish all labor, and at completion, the total amount to be added up and the amount of 10 per cent. added to the total amount for the contractor's services, and should the amount not exceed the $8,890 as stated above, the remainder to be divided equally between the contractor and the owner; should the amount exceed the $8,890 as above stated, the contractor will not be allowed any additional," this clause is controlling on the question of compensation.

**2. Same—Special Clause on Compensation.**

Where a builder's contract contains a special clause by which the builder's compensation is to be computed, said clause will control the court in fixing the builder's compensation, and when such clause is plain and unambiguous the court will not look to other parts of the contract for other clauses to find other means of fixing the compensation.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by J. A. Steakley against S. A. Apple. Judgment for plaintiff, and defendant appeals. Affirmed.

This is an action by J. A. Steakley against S. A. Apple on a builder's contract. The plaintiff, Steakley, alleges in his petition that he performed all of the terms of said contract in accordance with the plans and specifications, and that he had received $356 as part of his compensation provided

for in said contract, and that there was $533 of said compensation due and unpaid, for which he prayed judgment. A copy of the contract is attached to plaintiff's petition, and that clause of the contract fixing the builder's compensation is as follows:

"It is further understood and agreed by each of the parties hereto that the said contractor shall buy all materials and furnish all labor, and at completion, the total amount to be added up and the amount of 10 per cent. added to the total amount for the contractor's services, and should the amount not exceed the $8,890 as stated above the remainder to be divided equally between the contractor and the owner; should the amount exceed the $8,890 as above stated, the contractor will not be allowed any additional."

Defendant in his answer filed a general denial, except such parts of plaintiff's petition as are admitted, and then proceeds to admit that he entered into the contract set out in plaintiff's amended petition, but alleges that the contract referred to was not the entire contract and denied that plaintiff had complied with all the terms and provisions of the contract. Defendant further claims that on account of plaintiff's failure to comply with the terms and provisions of the said contract, he was compelled to expend the sum of $582.82 with six per cent. interest for the past 18 months, and prays judgment against the plaintiff for said sum of $582.82.

Plaintiff filed a reply to the answer of the defendant which is in the nature of a general denial, and this in substance states the pleadings in the case.

The evidence shows that the only part of said contract that was not complied with according to the plans and specifications was a connecting door between the two buildings, which plaintiff claims he did not put in because the defendant refused to furnish the material to make said door. This is the only thing that the defendant claims plaintiff failed to comply with. There is very little difference or conflict in the evidence. The architect was put on the stand by the defendant and testified that this was the only thing that the plans and specifications provided for that was not completed. There were a few little matters about some windows, but, as the architect said, they did not amount to anything, and that the connecting door was the only thing that did not complete it. This cost of putting in this door, according to the testimony, ranged from $35 to $60. The architect stated that he had not furnished the final certificate to the build-

er, the plaintiff, because this door was not put in. The defendant insisted that the following clause in the contract governs the compensation to the builder.

"The owner agrees to pay to said builder for the completing and finishing of said building the sum of $8,890, in the following manner: 85 per cent. of the invoice price of all approved materials and labor furnished and placed upon the ground and used in the construction of said building, every week from the commencement of said work; said payments to be made on Saturday of each week, commencing the 25th day of June, 1917, and to be paid upon estimates furnished by the architect in charge, said estimates to be made from the material, labor and work done by the said builder during the preceding week, as the building proceeds. The final account shall be adjusted and settled within ten days after said work shall have been completed, and the said J. B. White, or such other architect, shall certify in writing as to the balance due and payable to the builder and the complete building approved by him."

The plaintiff contends that the first clause, which is the last clause in the contract, above quoted, is the clause that fixes the compensation of the builder. This fairly states the controversy between the parties to this suit.

Ledbetter, Furman & Ledbetter, for plaintiff in error.

Rutherford Brett and James H. Mathers, for defendant in error.

Opinion by MAXEY, C. The issue between the two parties is narrowed down to the items of whether the plaintiff complied with the terms in the contract in not putting in the connecting door. The reason for not putting in the connecting door was testified to by the plaintiff, who claimed that the connecting door was not put in for the reason that the defendant would not furnish the material for making same. The jury had both the plaintiff's and defendant's testimony on this issue before them, under instructions as fair to defendant as he could ask. The other item is, which clause of the contract quoted in the statement to this opinion governs the compensation of the builder. We are inclined to the opinion that the first paragraph of the contract quoted in the statement is the paragraph that governs the compensation of the builder. This is the last clause in the contract, and we are forced to the conclusion that this clause is a special clause agreed on by the parties, and it was their intention that this clause should govern in fixing the compensation of the

builder." The contract is in the ordinary form of contracts prepared by architects, and this last clause seems to be an additional clause to the regular form of contract, and is therefore controlling, in our opinion, on the question of the compensation of the builder. It appears from the testimony that the builder had drawn $356 of his compensation during the construction of the building, and that there was $533 compensation yet due. These two items added together make ten per cent. of the estimated cost of the building, which was $8,890. Plaintiff in error insists that the builder was to construct the building for $8,890, and that the building cost $582.82 more than $8,890, and that the plaintiff, Steakley, should pay that amount to the defendant. We cannot agree with this contention. The last clause of the contract provides that the builder should be entitled to ten per cent. of the total amount of the cost of the building, not exceeding $8,890, and that if the building cost less than the estimated price the saving should be divided equally between plaintiff and defendant, but if the building cost more than the estimated cost, the plaintiff, builder, should not be entitled to any additional compensation. This clause of the contract clearly contemplates that the parties had in mind that the building might cost less or more than the estimated cost, and each condition is provided for. Under this state of the case, we are inclined to the opinion, and so hold, that if the building cost less than $8,890 the plaintiff and defendant were to divide the saving equally, and if it cost more than the estimated cost, then the builder should not receive his ten per cent. on the excess of the estimated cost. That is all he is suing for. The court below submitted these contentions to the jury on instructions that we think were fair and the plaintiff in error evidently has no fault to find with the instructions although in his assignments of errors, he assigned as error "The court erred in his instructions to the jury, all of which was excepted to at the time." The record shows that plaintiff in error excepted to two of the instructions given by the court, but in his argument he has not argued those exceptions nor pointed out wherein they were erroneous, and has not complied with the rules of this court in that respect. This error will not be noticed further than to say we have read the instructions to which the defendant saved exceptions and can find no objections to them.

The case was fairly submitted to the jury by the court, and the jury found for the plaintiff for the amount sued for, and we are of the opinion that substantial justice has been done, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.